# DORR *v.* HAMMOND.

*(Supreme Court of Colorado, December 4, 1883—Appeal from the District Court of El Paso County.)*

WATER RIGHTS. In an adjudication by a referee, under the statute, as to priority of rights, the decree will be modified for error of referee in his judgment upon the weight of the testimony.

BECK, C. J. This was an adjudication before a referee, under the act of 1881, (Bromwell's Comp., pp. 580 to 590) of the priority of right, as between the owners of the Hammond slough ditch, and the Robbins ditch, to take water through their respective ditches from a certain slough on the north side of Cheyenne creek.

The appellant, J. M. Dorr, is the owner of the Robbins ditch, and the appellee, J. H. Hammond, is the owner of the Hammond slough ditch.

Twelve witnesses were examined by the referee, and their testimony reduced to depositions, and copied into the bill of exceptions.

The referee found that the Hammond ditch was first in the order of priority, and that the Robbins ditch was second in priority, and numbered them accordingly. Dorr filed exceptions to the report and findings of the referee, which were heard and overruled by the District Court, and the findings and decrees of referee approved.

The proceedings below appear to have been conducted in strict conformity with the statute, and if any errors have been committed by the referee, they grow out of his judgment upon the weight of the testimony. That he erred in this respect, we are fully satisfied, from a careful examination of the whole testimony.

The land owned by Dorr is the southwest quarter of section 19. Hammond owns the eighty acre tract adjoining on the south side. The slough from which the water for both ditches is taken, appears to extend from the west to, or upon, the eighty acre tract. Both ditches appear to be taken out upon the Smith ranch, lying to the west, the Robbins ditch on the

north side of the slough, and the Hammond ditch on the south side of the slough.

The testimony may be fairly said to establish the fact, that the Robbins ditch was made in 1868, and that it has been used ever since, during the irrigating seasons, to convey water from the slough to, and upon the southwest quarter of section 19, and that the right to take water from the slough through this ditch has been continuously claimed by the owners and occupants of this quarter section ever since its construction. So it is unnecessary to review the evidence upon this point.

The testimony also proves that a small ditch was taken out upon the south side of the slough, upon the eighty acre tract, by Foster, one of the prior owners thereof, in 1866, and that it was used one season. The land then passed into other hands, and the testimony fails to show that the subsequent proprietors used, claimed or even knew of such a ditch until the claim preferred by the present occupant, Hammond.

The previous owners appear to have been Foster, Watson, Flanagan and Hall, in the order of time as named.

Foster's testimony is to the effect, that he made the ditch in the spring of 1866, used it during one irrigating season, then sold the land, and did not see the ditch for four or five years afterward. He owned an interest in the Wolf ditch, which is taken out of Cheyenne creek, and which ditch covers the same land.

His wife, Elizabeth Foster, says she was present when her husband made the ditch; that it was in the spring of 1866; that it was made by plowing one furrow and cleaning it out with a shovel.

Flanagan says he purchased the land from Watson, in November, 1867, and sold it to Hall in November, 1870. Afterwards he acted as agent for Hall in respect to the land. During all this time it was watered from Cheyenne creek, and he did not know of the existence of the ditch now called the Hammond slough ditch, or of any ditch taken out of the south side of the slough. If there had been such a ditch he says he would have known it. He knows the Hammond ditch, but thinks it was made after he sold the land. He owned the eighty when the Robbins ditch was taken out—interposed no objections, and claimed no priority.

The testimony of Thomas H. Robbins is, that he purchased the quarter section in the early part of 1867; lived upon it for six years; that he took out the Robbins ditch in March or April, 1868, and used it continuously until the spring of 1873, neither Flanagan nor Hall interfering with his use of the water, or claiming priority in respect to its use.

He was familiar with the eighty acre tract south, and the Hammond ditch was not there while he owned and lived upon the quarter section, nor during the next year thereafter. He did most of his hauling over the eighty, and if there had been a ditch where it is now claimed to have been, it was so filled up that he never saw it. He says: "In the year 1869 we plowed where quite a portion of the present ditch is. I think it was in 1869, it might have been in 1868. Mr. Frank Flanagan owned or had control of this land at the time."

John Wolf says he settled in the neighborhood in 1862, and has lived there ever since. He knows the slough and both tracts of land—knows of the Robbins ditch being taken out of the north side of the slough, but don't know of any other ditch being taken out of the slough, up to that time. He frequently passed over the ground, and thinks if a ditch had been taken out on the south side prior to 1868, he would have noticed it.

The owners of the eighty acre tract owned one-fourth of the Wolf ditch, and prior to 1868 the land was watered from that ditch.

James Roberts testified that he passed backward and forward along Cheyenne creek for ten years, extending from 1860 to 1870. He knew the two tracts of land and the slough. Part of the slough was formed from water that ran down from his residence or land. He says there was no ditch on the south side of the slough during this period—he frequently passed by and would have known it if there had been; most of the table land of the eighty was irrigated from the Wolf ditch.

The testimony of the other witnesses, including that of the appellee, Hammond, is of later date, and of but slight importance upon the question of priority.

The conclusion is irresistible, upon a review of the whole record, that the right of priority acquired by Foster by means of the furrow plowed by him to tap the slough in 1866, and

his use of the water during that season, was afterward abandoned. .

The testimony shows that no water was thereafter taken from the slough upon this tract of land for many years, and that the furrow mentioned became so obliterated as not to be noticeable by those driving over and plowing the land across which it had been run.

The subsequent owners of the land interposed no objections to the appropriation of the water by Robbins, but on the contrary stood by and saw him construct his ditch, and permitted him for years to divert the water from the slough into it, without even notifying him of the prior appropriation. These facts amount to a voluntary yielding up and waiver of the priority acquired by Foster, without any intention of resuming it, and constitute a clear case of abandonment.

The Robbins ditch, then, should have decreed priority over the Hammond slough ditch, and numbered accordingly.

It is ordered that the decrees be modified in the particulars named, and that the appellee pay the costs of the appeal.

*J. M. Dorr*, for appellant.                           *Remanded.*

*Jno. B. Cochrane*, for appellee.